



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT FOX, | ) | *05-4003* |
| PLAINTIFF, | ) | |
| VS | ) | **COMPLAINT** |
| Wagner/Lake Andes Ambulance District, | ) | |
| DEFENDANT. | ) | |

## JURISDICTION

(1)  This is an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

(2)  This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 42 U.S.C. §2000e-5 (f)(3) and 28 U.S.C. §§ 1331 and 1343(4).  Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000-5(f)(3).

(3)  Plaintiff Robert Fox is a resident of Wagner, South Dakota.

(4)  Defendant Wagner/Lake Andes Ambulance District has its business in Lake Andes, South Dakota.

(5)  Defendant received timely written notice of Plaintiff's charge of discrimination when Plaintiff filed his charge with the South Dakota Division of Human Rights within 180 days of the Defendant's decision not to hire Plaintiff for a full-time position.

(6)     Plaintiff received a Determination of Probable Cause that his allegations

of discrimination were well founded from the South Dakota Division of Human Rights

on October 26, 2004.

(7)     Plaintiff exercised his election to pursue a civil action pursuant to SDCL

20-13-35.1 on November 5, 2004.

## FACTS

(8)  Robert Fox  is an American Indian.

(9)  Fox has been employed as a part-time as an  emergency medical technician

("EMT ") with the Defendant since April, 2003.

(10)  Fox holds a valid South Dakota license as an EMT and is on the national

registry for EMT's.

(11)  Fox's performance as an EMT has always met or exceeded the Defendant's

expectations.

(12)     In January 2004, the defendant advertised two full-time EMT positions.

(13)     Fox was qualified for the positions and applied for the jobs.

(14)     On February 19, 2004, the Defendant interviewed applicants for the

position.

(15)  Fox was not given an interview.

(16)  The Defendant's board members have offered different reasons why Fox

was not interviewed:  he has been told that he was not interviewed because he failed to

appear for his scheduled interview with the Board and he has been told that he was not

interviewed because the Board was already familiar with his qualifications.

2

(17) The Defendant hired two white males to fill the two full-time positions. Fox was informed that he was the "first alternate" for the positions.

(18) Both of the successful applicants require training on the Defendant's equipment and to familiarize themselves with the local area. One of the successful applicants is not a licensed EMT in South Dakota and does not have any specialized training as a paramedic.

COUNT ONE
ACTIONS FOR VIOLATIONS OF TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964
(Racial Discrimination )

(19 ) Fox realleges and incorporates by reference herein paragraphs 1 through 18 of the Complaint.

(20) Fox is a member of a protected class because of his race.

(21) Fox was qualified for the positions he applied for.

(22) Despite his qualifications, Fox was rejected in favor of to white males.

(23) As lifelong member of the community, Fox was more qualified in terms of knowing the local area for the ambulance service runs than the two successful applicants.

(25) Familiarity with the local area is a requirement of the EMT position because of the rural nature of area covered by the ambulance service, which is not well mapped.

(26) Fox was more qualified in terms of familiarity with the Defendant's equipment and policies then the two successful applicants.

(27) Fox was more qualified in terms of EMT certification than one of the successful applicants because Fox is EMT certified in South Dakota and one of the successful applicants is not.

3

(28)  Fox was subjected to adverse and unequal treatment with respect to the terms and conditions of his employment opportunities because of his race.

(29)  Other similarly situated non-minority applicants were treated better than Fox in terms of employment opportunities.

(30)  The conduct of the Defendant during Fox's employment constitutes racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

(31)  Fox lost wages, benefits, incurred costs and related expenses as a result of Defendant's failure to interview and select him for full-time employment and has suffered humiliation, anxiety and stress as a result of Defendant's actions.

(32)  Defendant's actions were willful, reckless and malicious.

### COUNT TWO
### VIOLATION OF SOUTH DAKOTA HUMAN RIGHTS LAWS
### SDCL § 20-13-10

(33)  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

(34)  Defendant's acts and omissions as set out herein constitute racial discrimination in violation of South Dakota Codified Laws Chapter 20-13.

(35)  Plaintiff lost wages, benefits, incurred costs and related expenses as a result of being unemployed and has suffered humiliation, anxiety and stress as a result of Defendant's actions.

(36)  Defendant's actions were willful, reckless and malicious.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.  For a trial by jury on the merits of his claim;

4

b.  For compensatory damages in such amount as the evidence at trial may show;

c.  For damages, including but not limited to, those damages allowed by 42 U.S.C. §2000 *et seq* , the Civil Rights Act of 1991, Public Law 162-166, and any other pertinent and applicable statute, rule or regulation, whether state or federal.

d.  For punitive damages in such an amount as the evidence at trial may show;

e.  For costs and disbursements incurred herein, including prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this _____ day of January, 2005.


JOHNSON EKLUND LAW OFFICE

_____
Stephanie E. Pochop
P.O. Box 149
Gregory, SD  57533
Attorney for Plaintiff

5