UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
OCT 17 2005
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROBERT FOX, | \* | CIV 05-4003 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| WAGNER/LAKE ANDES AMBULANCE DISTRICT, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a Motion for Summary Judgment, Doc. 12, in this action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), prohibiting employment discrimination based upon race. The motion has been fully briefed. The summary judgment motion will be denied for the reasons set forth below.

## BACKGROUND

The following are the facts viewed in the light most favorable to the Plaintiff, as the non-moving party. Plaintiff Robert Fox, a Native American, is employed by the Defendant, Wagner/Lake Andes Ambulance District, which is an ambulance district serving southern Charles Mix County, South Dakota. The District is managed by a Board of Directors, consisting of nine members who are voters within the District. The District has both full-time and part-time Emergency Medical Technicians ("EMTs"). In late 2003, employees of the District informed the Board that they were short-handed and were in need of additional EMTs. The Board decided to hire two additional full-time EMTs and additional part-time employees. An advertisement was placed in the local papers for these new positions. The job requirements for the full-time EMT positions were that the person be certified as an EMT-Basic and have a valid driver's license.

At the time the District advertised for these new positions, Plaintiff was working for the District as a part-time EMT. The part-time EMTs were encouraged to apply for the full-time EMT positions, but they had to compete with all the other applicants for the new positions. Nineteen applications were received for the two full-time EMT positions. Plaintiff and another part-time EMT, Margaret Mach, applied for the positions. The Board examined the applications and determined which applicants would receive an interview. Neither Plaintiff nor Mach were scheduled to be interviewed. The Board determined that since both Plaintiff and Mach were current employees, the Board was familiar with their job performance and qualifications so there was no need to interview them. On the day of the interviews, however, Mach was given an interview because she happened to be at the Wagner Fire Hall after an ambulance run on the day of the interviews where the interviews were being conducted. Four Board members conducted the interviews on February 12, 2004. There is some evidence in the record that the interviewing Board members knew Plaintiff was not scheduled for an interview, but there is also some evidence in the record that other interviewing Board members thought Plaintiff did not show up for his interview. In any event, the Board had Plaintiff's written application and he was considered for the full-time positions.

On February 17, 2004, the District hired Troy Schutt and Ed Pavel as full-time EMTs. Plaintiff was chosen as the third alternate, meaning that if either Schutt or Pavel declined to accept a full-time position, Plaintiff would have been hired as a full-time EMT. Full-time EMTs are guaranteed a certain number of work hours per week and they receive paid time off. Part-time EMTs are not guaranteed any number of hours and do not receive paid time off.

EMTs have different levels of certification based upon their training. The lowest level of EMT certification is EMT-Basic. The levels of EMT certification increase progressively from basic to EMT-Intermediate/85, EMT-Intermediate/99 to EMT-Paramedic. At the time Plaintiff submitted his application for the two additional full-time EMTs, Plaintiff possessed the lowest level of certification, EMT-Basic. Plaintiff obtained his EMT-Basic certification in the spring of 2003. When the full-time positions were being filled, Plaintiff had less than 200 hours of EMT training. At the time he was hired, Schutt was an EMT-Paramedic, with far more experience and training than

2

Plaintiff. Schutt had worked as both a ground and air paramedic. At the time Pavel was hired, his certification level was EMT-Basic, but he was nearly finished with his training to become an EMT-Paramedic. Pavel had over 2,000 hours of EMT training. In addition, Pavel had worked as a first responder and began working as an EMT-Basic in 1998, which gave him several more years' experience as an EMT-Basic than Plaintiff had. Pavel was licensed by the State of Nebraska as an EMT-Basic, but before he could begin working in South Dakota, he had to be licensed in South Dakota. It took Pavel between one month and six weeks to get the paperwork completed to be licensed in South Dakota. While Pavel was waiting for the South Dakota license, he was finishing his EMT-Paramedic training. He was certified as an EMT-Paramedic in May 2004.

Plaintiff claims Defendant discriminated against him on the basis of his race in failing to hire him for a full-time EMT position. He claims that because the Defendant is not licensed to provide any higher level of care than an EMT-Basic can provide, Schutt's certification and Pavel's training as an EMT-Paramedic are irrelevant in comparing his qualifications with their qualifications. Moreover, he believes he was more qualified for the full-time positions because he was familiar with the District's ambulances and the Charles Mix County area, having lived there his entire life, and because he could begin work immediately. In addition, plaintiff has produced evidence that one of the Board members, Gary Deurmier, is prejudiced against Native Americans. He is the Board member that made the motion to hire Schutt and Pavel.

Defendant's position is that while Plaintiff has been a good EMT for the District, Schutt and Pavel had significantly higher qualifications for the full-time EMT positions. The Board did not view the training Schutt and Pavel would need to have to be a significant issue, as all new employees of the District are required to do such training. Defendant contends it is entitled to summary judgment because there is no genuine issue of material fact that Defendant discriminated against Plaintiff on the basis of his race.

3

## DISCUSSION

Summary judgment is appropriate if the moving party establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). In reviewing a motion for summary judgment, this Court views the evidence in a light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (quoting Fed.R.Civ.P. 56(e)). The Eighth Circuit has "repeatedly cautioned that summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." *Hindman v. Transkrit Corp.*, 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted). It is also clear, however, that "[t]o survive a motion for summary judgment, the nonmoving party must 'substantiate his allegations with sufficient probative evidence that would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)).

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of, among other things, the individual's race. See 42 U.S.C. §§ 2000e-2(a)(1). When a plaintiff is not able to produce direct evidence of race discrimination, the Court applies the burden-shifting analysis of *McDonnell Douglas*, which first requires the plaintiff to demonstrate a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff admits he has produced no direct evidence of race discrimination. Thus, the *McDonnell Douglas* analysis applies in this case.

4

If plaintiff establishes a prima facie case, the burden then shifts to the employer to advance a legitimate, nondiscriminatory reason for the adverse employment action. *See Fast v. Southern Union Co., Inc.*, 149 F.3d 885, 890 (8th Cir. 1998). If the employer articulates such a reason, "the presumption generated by [the plaintiff's] prima facie case 'drops out,' and [he] must show that there is a genuine factual issue as to discriminatory intent." *Lidge-Myrth v. Deere & Co.*, 49 F.3d 1308, 1311 (8th Cir. 1995); *see Sallis v. University of Minn.*, 408 F.3d 470, 475 (8th Cir. 2005). That is, Plaintiff "must produce 'some additional evidence beyond the elements of the prima facie case' that would allow a rational jury to reject [the employer's] proffered reasons as a mere pretext for discrimination." *Lidge-Myrth*, 49 F.3d at 1311 (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 959 (8th Cir. 1995)); *see Breeding v. Arthur J. Gallagher and Co.*, 164 F.3d 1151, 1157 (8th Cir. 1999). The Plaintiff carries at all times the burden of proving that the refusal to hire him as a full-time EMT was motivated by intentional discrimination. *See Fast*, 149 F.3d at 890.

Defendant admits Plaintiff has established a prima facie case of discrimination. The burden then shifts to Defendant to articulate a legitimate, nondiscriminatory reason for the refusal to hire Plaintiff as a full-time EMT. The Board did not find that Plaintiff lacked the qualifications to become a full-time EMT. Rather, the Board designated Plaintiff as its third choice in the event Schutt or Pavel did not accept a full-time EMT position. The reason advanced by the Board for failure to hire Plaintiff for a full-time position, was that the two individuals offered the positions had more experience and training as an EMT than that possessed by Plaintiff. At the time of hiring, Schutt was an EMT-Paramedic with several years' experience working as both a ground and flight EMT. While Pavel had the same certification as Plaintiff at the time of hiring, i.e., EMT-Basic, Pavel had several more years' experience and training as an EMT than Plaintiff and had nearly completed his training for the EMT-Paramedic certification. These reasons relate solely to the candidates' experience and training rather than being based upon race. Defendant has met its burden to articulate a legitimate, nondiscriminatory reason for failure to hire Plaintiff as a full-time EMT.

Defendant having met its burden of production in advancing a legitimate, nondiscriminatory reason for failure to hire Plaintiff as a full-time EMT, the burden shifts back to Plaintiff to

5

demonstrate that there is a genuine issue of fact that would allow a rational jury to find the proffered reason was a pretext for race discrimination. Although the Court agrees Schutt and Pavel were more experienced than Plaintiff, the Court must give the Plaintiff the benefit of all reasonable inferences from the evidence. There is evidence in the record to show that Gary Deurmier, the Board member who made the motion to hire Schutt and Pavel over Plaintiff, is prejudiced against Native Americans. During the deposition of Clyde Mach, Plaintiff's co-worker's husband and a former Board member, Mach opined that Deurmier is "very prejudice against the Native Americans." (Clyde Mach Depo. at 12.) Although this evidence does not rise to the level of direct evidence of race discrimination, *see Rivers-Frison v. Southeast Missouri Community Treatment Center*, 133 F.3d 616, 619 (8th Cir. 1998) (explaining that "[d]irect evidence of employment discrimination must have some connection to the employment relationship."), it is evidence of pretext in the decisionmaking process. It is not clear from the record how much influence Deurmier may have had on other Board members, but there is evidence that at least one member of the Board, Clyde Mach, voted in favor of hiring Schutt and Pavel when he believed that Plaintiff should have been hired for a full-time position. (Clyde Mach Depo. at 10, 20.)

The Eighth Circuit held an employer is liable for discrimination where the final decisionmakers did not discriminate, but the supervisor recommending termination did discriminate against the employee. *See Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051 (8th Cir. 1993) (citing *Jiles v. Ingram*, 944 F.2d 409 (8th Cir. 1991)). In *Kientzy*, the Eighth Circuit refused to overturn a jury verdict in favor of the employee who claimed she had been discriminated against on the basis of her gender. *See id.* at 1054. Kientzy's supervisor initiated disciplinary action against her that eventually resulted in termination of her employment. *See id.* at 1055. There was evidence that Kientzy's supervisor discriminated against her on the basis of her gender, but there was no evidence of discrimination by any of the individuals on the committee that possessed and exercised the authority to terminate her employment. *See id.* at 1056. In *Jiles v. Ingram*, 944 F.2d 409 (8th Cir. 1991), the court held a city liable for intentional race discrimination where two officers initiated disciplinary proceedings against the plaintiff for racial reasons but the two decisionmakers who decided to terminate the plaintiff's employment had not personally intended to discriminate against

6

the plaintiff. The Sixth Circuit similarly concluded that an employer was not entitled to summary judgment in an age discrimination claim where there was evidence that a manager made discriminatory comments but he was not the ultimate decisionmaker. *See Ercegovich v. Goodyear Tire & Robber Co.*, 154 F.3d 344, 357 (6th Cir. 1998). In that case, the court concluded that discriminatory comments by a manager who played "a meaningful role" in the employment decisions that were adverse to the plaintiff employee are relevant to the pretext determination.

Although the evidence of discrimination *against the Plaintiff himself* in the present case is weaker than the evidence in *Kientzy*, *Jiles*, and *Ercegovich*, the evidence in the present case is stronger in the sense that there is evidence that one of the actual decision makers is prejudiced against people of Plaintiff's race. Based upon that evidence and the law in the Eighth Circuit that an employer can be held liable for discrimination even if the final decision makers have not discriminated against an employee, the Court find that Plaintiff can survive summary judgment.

Other arguments of pretext advanced by the Plaintiff are rejected. In an attempt to minimize the importance of Pavel and Schutt's additional certification and training as EMT-Paramedics, Plaintiff argues that those additional skills cannot be used on the Defendant's ambulances, so they are not relevant to the evaluation of the candidates' qualifications. The Eighth Circuit addressed a similar argument in *Krenik v. County of Le Sueur*, 47 F.3d 953, 960 (8th Cir. 1995), where the plaintiff argued the job she applied for primarily involved cleaning and that the other applicant's knowledge of electrical wiring, plumbing and mechanical repairs were unnecessary for the job. In response, the Eighth Circuit explained that, "'[f]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions ... Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior.'" *Id.* (quoting *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 973 (8th Cir. 1994)). Moreover, as recognized by the Eighth Circuit, "[i]n the usual course of events, an employer will hire the most qualified candidate, and an employer, not a federal court, is in the best position to '[i]dentify those strengths that constitute the best qualified applicant.'" *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1047 (8th Cir. 2002) (quoting *Duffy v. Wolle*, 123 F.3d 1026, 1037-38 (8th Cir. 1997)). Despite Plaintiff's attempts to minimize

7

Schutt and Pavel's qualifications, the evidence in the record demonstrates that they were more qualified for the full-time EMT positions. Even if Plaintiff had comparable qualifications, that, by itself, does not raise an inference of racial discrimination. *See Lidge-Myrth*, 49 F.3d at 1311. The Eighth Circuit explained that to support a finding of pretext on the basis of the qualifications of the applicant versus the person hired, an individual claiming to have been subjected to race discrimination, "must show that the [employer] hired a *less* qualified applicant." *Kincaid v. City of Omaha*, 378 F.3d 799, 806 (8th Cir. 2004). Rather than hiring *less* qualified applicants, Defendant hired two individuals who appear to be *more* qualified than Plaintiff, so this basis of a claim of pretext is not supported.

The facts that Pavel had to complete paperwork to obtain his South Dakota license and that both Schutt and Pavel had to undergo training to become familiar with the ambulances and the Charles Mix County area do not raise an inference of discrimination. The Board was aware Pavel did not have his South Dakota license, but also knew Pavel had a Nebraska license and merely had to fill out paperwork to obtain his South Dakota license. A ride-along training period, consisting of 36 hours, was required at the time Pavel and Schutt began working for the District. All new employees, regardless of their race, underwent this training. Riding along with other District EMT's allowed the new employees an opportunity to become familiar with the District's ambulances as well as the Charles Mix County area. Regardless of a new employee's race, he or she would be required to go through the 36-hour training if he or she had not previously worked for the Defendant. Given the significant additional experience and training possessed by Schutt and Pavel compared to Plaintiff, the Court does not find that the relatively insignificant number of hours of training to become familiar with the District's ambulances and area, which is required of all new employees regardless of race, would allow a rational jury to conclude the Defendant's proffered reasons for hiring Schutt and Pavel rather than Plaintiff was a pretext for race discrimination.

Based upon the above discussion, the Court concludes that Plaintiff has shown there is a genuine issue of material fact that Defendant's asserted reason for failure to hire him as a full-time EMT was pretextual and that the real reason for its action was unlawful race discrimination. Thus, Defendant's summary judgment motion will be denied on Plaintiff's Title VII claim. Plaintiff's state-law claim is based upon the same allegations of race discrimination as the Title VII claim. The

8

same standards used to evaluate the Title VII claim apply to the state-law claim. *See In Matter of Gannon*, 315 N.W.2d 478, 480 (S.D. 1982). Thus, the above discussion of Plaintiff's Title VII claim equally applies to his state-law claim and the motion will be denied. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment, Doc. 12, is denied.

Dated this 16th day of October, 2005.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY

9