UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
NOV 18 2005
CLERK

******************************************************

| | | |
|---|---|---|
| ROBERT FOX, | * | CIV 05-4003 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER |
| vs. | * | |
| WAGNER/LAKE ANDES AMBULANCE DISTRICT, | * | |
| Defendant. | * | |

******************************************************

The Court has considered Defendant's Motion to Reconsider, Doc. 23. Defendant argues in part that the case is being allowed to move past summary judgment when there is a legitimate non-discriminatory reason that has been shown by the defense for not hiring the Plaintiff. If that were not so, there would be no reason to consider whether there has been an insufficient showing of pretext by the Plaintiff. The showing of pretext by the Plaintiff is the issue here. In considering Defendant's Motion, the Court must take the most favorable view of the evidence for the party opposing the motion. Therefore for purposes of Defendant's Summary Judgment Motion, it must be assumed that a member of the decision-making body was prejudiced against Native Americans. However, it must also be assumed that there was no discussion at the time that the decision was made concerning racial matters, as there is no evidence to the contrary.

Defendant argues that Plaintiff has produced no evidence of any causal connection between the alleged prejudice and the hiring decision. It is not clear from the Eighth Circuit's decision how a causal link question relates to a necessity of the Plaintiff showing pretext. In *Simmons v. Océ-USA, Inc.*, 174 F.3d 913 (8th Cir. 1999) the Court stated:

> Because the statements and the adverse employment decision were not close in time, Simmons must establish a causal link between the comments and his termination. See *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 779 (8th Cir. 1995).

Simmons has not presented any such evidence. Absent a causal link between the racial comments and the adverse employment decision, Curless's derogatory language is best classified as "statement[s] by [a] decisionmaker[ ] unrelated to the decisional process." *Rivers-Frison v. Southeast Mo. Community Treatment Ctr.*, 133 F.3d 616, 619 (8th Cir. 1998) (quoting *Price Waterhouse* [*v. Hopkins*], 490 U.S. [228,] 277 [1989)]).

Immediately after the above quote, the Eighth Circuit goes on to say:

Alternatively, Simmons argues that he has presented circumstantial evidence adequate to make a submissible case of racial discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1827, 36 L.Ed.2d 668 (1973). Assuming that Simmons presented a prima facie case under McDonnell Douglas, Océ's presentation of comprehensive performance ratings articulated a non-discriminatory reason for terminating Simmons, leaving us with the question whether Simmons presented sufficient evidence of pretext to survive summary judgment. *See Hutson*, 63 F.3d at 777. ....

Stray remarks "that are remote in time do not support a finding of pretext for intentional [race] discrimination." *Alton*, 167 F.3d at 428; accord Hudson, 63 F.3d at 778-79. Given the comprehensive objective evidence presented by Océ of Simmons's poor job performance, the offensive remarks made by Curless outside of the decision making process, without more, are not enough to 'create a trialworthy issue' of pretext."

Even though the pretext discussion in Simmons is stated in the alternative in the above quote, it appears that the nearness in time is still to be weighed by the Court in evaluating the Plaintiff's claim of pretext. As in *Simmons*, the defensive remarks made outside of the decision-making process were without more not enough to create a trialworthy issue of pretext. In the present case, the witness was equivocal as to when the statement was made. It could be that the statement was made even after the decision-making process with the witness Moch also indicating that he had known Deumier for many years and that Deumier had long been prejudiced against Native Americans.

Upon closer examination of this causal link argument, the Court is allowing the Plaintiff an opportunity to respond to this issue. Defendant submitted its Motion to Reconsider on November 8, 2005, and Plaintiff should submit any response Plaintiff desires by November 28, 2005.

2

IT IS ORDERED that the Plaintiff shall file any response to Defendant's Motion to Reconsider on or before November 28, 2005.

Dated this 18th day of November, 2005.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
DEPUTY

3